UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALON EZRA, individually and on behalf of all others similarly situated, | CLASS ACTION |
| *Plaintiff*, | Case No. |
| vs. | JURY TRIAL DEMANDED |
| THEORY, LLC, | |
| *Defendant*. _____/ | |

**CLASS ACTION COMPLAINT**

Plaintiff Alon Ezra ("Plaintiff") brings this class action against Defendant, Theory, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant is a clothing and apparel retail company.

3. To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers without having secured prior express written consent as required under the FTSA, and with no regards for consumers' rights under the TCPA.

---
[1] The amendment to the FTSA became effective on July 1, 2021.

1

4. Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of telephone number 305-***-2121 (the "2121 Number") that received Defendant's telephonic sales calls. Plaintiff is a resident of Miami-Dade County, Florida.

7. Defendant is, and at all times relevant hereto was, a New York LLC and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant maintains its primary place of business and headquarters in New York, NY. Defendant directs, markets, and provides business activities throughout the United States

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA and the FTSA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars)

threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

9. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides within this judicial district, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of New York and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of New York.

## FACTS

10. On or about October 25, 2022, Defendant began sending Plaintiff telephonic sales calls to Plaintiff's cellular telephone number from Defendant's 72611 number:



11.     Defendant's messages did not include opt-out instructions for consumers who wish to remove themselves from Defendant's telemarketing solicitations.

12.     On or about October 26, 2022, Plaintiff responded to Defendant with the word "Stop" in an attempt to opt-out of any further text message communications with Defendant.

13.     Despite Plaintiff's use standard opt-out language, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff another promotional text message on October 28, 2022.

4

14. Plaintiff again responded to Defendant with the word "Stop" in a second attempt to opt-out of any further communications from Defendant.

15. These facts suggest that Defendant may have failed to maintain a master opt-out list and/or failed to maintain internal policies to sufficiently cross-reference Defendant's various marketing telephone numbers with the opt-out requests made by Plaintiff and members of the Class.

16. As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales calls was to solicit the sale of consumer goods and/or services. Defendant's messages include language such as "…extra 25% off sale styles."

17. Defendant's calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

18. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

19. Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text messages.

20. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff clothing.

21. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

22. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

23. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded with "Stop" on October 26, 2022.

24. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to other individuals residing in New York, Florida, and throughout the United States.

25. To transmit the above telephonic sales calls, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

26. Defendant's text messages and call originated from various telephone number 72611, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

27. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

28. Next, Plaintiff wasted approximately twenty minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls.

29. In all, Defendant's violations of the TCPA and the FTSA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated. The "Class" that Plaintiff seeks to represent is defined as:

> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message or phone call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone**

**number *after* making a request to Defendant to not receive future text messages.**

**Florida Internal Do Not Call Class: All persons within Florida who, from July 1, 2021 to the time class certification is granted, were sent a text message or phone call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

31. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

32. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers after they had requested to be opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

34. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[3] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[4] Whether Defendant violated Fla. Stat. 501.059(5);

[5] Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[6] Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[7] Whether Defendant has any written policies for maintaining an internal do not call list

[8] Whether Defendant's conduct was knowing and willful; and

[9] Whether Defendant is liable for damages, and the amount of such damages.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

36. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the

Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### VIOLATION OF 47 U.S.C. § 227(c)(2)
**(Individually and on behalf of the National Internal Do Not Call Class)**

40. Plaintiff re-alleges and incorporates paragraphs 1-39 as if fully set forth herein.

41. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

42. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from

> a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

43. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

44. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

45. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

46. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

47. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

48. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

49. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

51. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**
**VIOLATION OF FLA. STAT. § 501.059(5)**
**(Individually and on behalf of the Florida Internal Do Not Call Class)**

52. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

53. It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound call, text message, or voicemail transmission:

(a) Made by or on behalf of the seller whose goods or services are being offered; or

11

(b) Made on behalf of a charitable organization for which a charitable contribution is being solicited.

Fla. Stat. § 501.059(5) (a), (b).

54. Plaintiff and the Class Members made requests to Defendant not to receive messages from Defendant.

55. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

56. In violation of the FTSA, Defendant made and/or knowingly allowed outbound text messages offering their services to be sent to Plaintiff and the Class members, after they had previously communicated to Defendant that he or she did not wish to receive any more calls, text messages, or voicemails from Defendant.

57. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls.

58. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An order declaring that Defendant's actions, set out above, violate the TCPA;

e) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: December 14, 2022

Respectfully Submitted,

**SHAMIS & GENTILE P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
New York Bar No. 5195185
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class.*